### L. B. TUSSING v. R. WALTER EVANS.

CONSENT CONFERS NO JURISDICTION ON JUSTICE TO RESERVE CASE FOR DECISION LATER THAN PRESCRIBED BY STATUTE.

> The power of adjudication of a justice of the peace is derived from the statute, and if not exercised within the time prescribed by law, his juris-diction ceases; hence the parties to an action before a justice cannot by agreement confer jurisdiction on him to reserve the case for decision at a later time than is authorized by the statute.

ERROR to Licking common pleas court.

**Donaldson & Tussing,** for plaintiff in error:

By retaining the case for consideration and in failing to render his decision and enter judgment until the fifth day after the close of the trial, the justice lost jurisdiction of the case, and his judgment against the plaintiff in error, is irregular and void. Laning R. L. 10161 (R. S. 6579); *Nicholson* v. *Roberts,* 6 Dec. 233 (4 N. P. 43); Brown, Jurisdiction Sec. 10; *McCleary* v. *McLain,* 2 Ohio St. 368; *Gilliland* v. *Sellers,* 2 Ohio St. 223; *Dayton & W. Ry.* v. *Marshall,* 11 Ohio St. 497; *Rosebrough* v. *Ansley,* 35 Ohio St. 107; *Dunlap* v. *Robinson,* 12 Ohio St. 530; *Baton* v. *French,* 23 Ohio St. 560; Brown, Jurisdiction Sec. 10; *Young* v. *Rummell,* 5 Hill (N. Y.) 60; *Sibley* v. *Howard,* 3 Den. 72 [45 Am. Dec. 448]; *McNamara* v. *Spees,* 25 Wis. 539; *Watson* v. *Davis,* 19 Wend. 371.

**S. L. James,** for defendant in error:

The justice had jurisdiction to retain this case for decision for five days by consent of the parties. *Wells* v. *Martin,* 1 Ohio St. 386; *Wilcox* v. *May,* 19 Ohio 410; *Doe* v. *Pendleton,* 15 Ohio 735; *Jackson* v. *Jackson,* 16 Ohio St. 163; *Robinson* v. *Kious,* 4 Ohio St. 593; *Gilliland* v. *Sellers,* 2 Ohio St. 223; *Dunlap* v. *Robinson,* 12 Ohio St. 530; *Collins* v. *Davis,* 32 Ohio St. 76; *Matthews* v. *Davis,* 39 Ohio St. 54; *Robbins* v. *Clemmens,* 41 Ohio St. 286; *Ohio & M. Ry.* v. *Shultz,* 31 Ind. 150; *Benn* v. *Borst,* 5 Wend. 292; *McCleary* v. *McLain,* 2 Ohio St. 368; *Godfred* v. *Godfred,* 30 Ohio St. 53; *McCurdy* v. *Baughman,* 43 Ohio St. 78 [1 N. E. Rep. 93]; *Gorman* v. *Taylor,* 43 Ohio St. 86 [1 N. E. Rep. 227]; *Arrowsmith* v. *Harmoning,* 42 Ohio St. 254; *Rosebrough* v. *Ansley,* 35 Ohio St. 107; 12 Am. & Eng. Enc. Law 128, 129, 130.

Licking County.

## TAGGART, J.

This is a proceeding in error to reverse the judgment of the court of common pleas, wherein said court affirmed the judgment of a justice of the peace. In the justice's court, Evans, the defendant in error, commenced a proceeding in attachment against the plaintiff in error herein, and the goods of the plaintiff in error were attached; plaintiff in error filed a counterclaim, and the cause went to trial. At the close of the hearing of the testimony in the case, the justice reserved his decision in the case. Plaintiff in error thereafter instituted proceedings in error in the court of common pleas. Accompanying his petition in error in said court was a transcript from the docket and journal entries of the justice of the peace.

Before the case came on for hearing in the court of common pleas, on application for diminution of the record and a more complete and correct transcript of the docket of the justice of the peace, the justice certified a new transcript, or a corrected transcript, which was filed in the common pleas court on May 12, 1905; and a brief reference to said corrected transcript may be necessary to a correct understanding of this case. I quote from this transcript:

"July 8, 1904, issued subpoena for plaintiff's witnesses; July 11, 1904, case was continued to July 13, 1904, at 9 A. M.; July 13, 1904, 9 A. M., the parties appeared; the defendant stated that the claim of the plaintiff was correct and would go to trial on the counterclaim, and claimed the opening and closing, which was granted by the court; trial had."

And then follows a statement of witnesses sworn and examined on behalf of the plaintiff. Continuing from the transcript:

"After the evidence and argument, the court reserved his decision until July 18, 1904, 9 A. M., which was done by consent and agreement of both parties to case, both plaintiff and defendant." "July 18, 1904, 9 A. M., plaintiff appeared; the defendant stated that he could not be present and asked that the result of the decision be forwarded to him. The court, after the consideration of the evidence, finds the issues in favor of the plaintiff. It is therefore considered by me that the plaintiff recover of the defendant the sum of $129.24, and costs taxed herein."

A bill of exceptions was taken in the court of common pleas on the question as to the right and authority of the justice of the peace to amend his transcript; and testimony was directed towards impeaching this amended transcript.

It is now contended that this court cannot look into this testimony that was adduced on that hearing and incorporated in that bill of ex-

Tussing v. Evans.

ceptions. With this contention of the defendant in error this court fully concurs. We think that we can only look to the transcript as certified by the justice and from that determine the rights of the parties herein; and, looking to that, it does appear that consent was given to the action of the justice in reserving his judgment after the time the trial was had, and longer than is permitted by the statute in that behalf.

Did this consent continue the jurisdiction of the justice, or did it have the effect of conferring jurisdiction upon the justice? We think the matter is clearly determined by the authorities in this state, and we first refer to the case of *Nicholson* v. *Roberts,* 6 Dec. 233 (4 N. P. 43), wherein Judge Evans, we think, states the correct conclusions in cases of this kind:

"1. The jurisdiction of justices of the peace to enter judgments in actions tried before them, is prescribed by Sec. [Lan. 10161] 6579 Rev. Stat., and the judgment of a justice rendered after the expiration of the time within which the rendition is expressly authorized by said section, is void for want of jurisdiction.

"2. The parties to an action before a justice of the peace cannot, by agreement, confer on him jurisdiction to render judgment therein after the expiration of the period within which he is authorized by said section to render it."

We think the conclusion arrived at in this case is fully supported by *McCleary* v. *McLain,* 2 Ohio St. 368, 369; *Beebe* v. *Scheidt,* 13 Ohio St. 406 and 416; *State* v. *Ritty,* 23 Ohio St. 562, and *Rosebrough* v. *Ansley,* 35 Ohio St. 107, 111.

The contention of the defendant in error that consent can confer jurisdiction, or can extend jurisdiction, is supported by an authority to which our attention is called, in *Thompson* v. *Ackerman,* 12 Circ. Dec. 456, wherein the third circuit court of this state held:

"The power of adjudication of a justice of the peace is derived from the statute, and if not exercised within the time allowed by law, his jurisdiction ceases. Hence by adjourning the hearing of a motion for a new trial beyond the time limited by Sec. [Lan. 10142] 6560 Rev. Stat., by which his authority to grant new trials is conferred, his jurisdiction on the motion is lost unless it appears of record that the parties consented to such adjournment."

Upon an examination of this case, we find that the question as to whether or not consent would confer jurisdiction or extend jurisdiction beyond the limit of the statute was not a question in that case, and no authorities are cited by the court in support of its conclusion, and the question not being properly in the case, was perhaps not properly con-

Licking County.

sidered by. it; but, whether it was or not, we think this authority is contrary to the great weight of authority on this question in Ohio, and therefore do not concur in the opinion of that court.

Holding to these views, it is the judgment of this court, that the judgment of the court of common pleas in affirming said judgment was erroneous and will be reversed, and the costs of this proceeding in error in the common pleas court and in this court are adjudged against the defendant ·in error; and the judgment of the justice of the peace is reversed. And now coming to render the judgment that said justice should have rendered, and said court of common pleas should have rendered, said cause is dismissed for want of jurisdiction, without prejudice to a new action. To all of which the defendant in error excepted, and exceptions of the defendant in error are noted.

Cause remanded for execution.

**Donahue** and **McCarty, JJ.,** concur.